UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:19-cv-0017 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, presently housed at California State Prison, Solano ("CSP-SOL"). Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On December 9, 2019, plaintiff filed a document styled, "Request for Emergency Temporary Restraining Order or Preliminary Injunction." (ECF No. 21.) As discussed below, the undersigned recommends that plaintiff's motion be denied.

I. Plaintiff's Amended Complaint

Plaintiff alleges violations of his (a) right to adequate medical care for his serious medical needs and right to protection, both under the Eighth Amendment, (b) rights under the Americans with Disabilities Act, and (c) First Amendment right not to be retaliated against, and includes various supplemental state law claims, including medical malpractice. Plaintiff names as

defendants the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), the Deputy Director for the California Correctional Health Care Services ("CCHCS"); seven doctors employed at Deuel Vocational Institution ("DVI"), an LVN at DVI, and a doctor at the Modesto Eye Surgery Clinic; three doctors at CSP-Solano, two RNs at CSP-SOL, and a Chief Nursing Executive ("CNE") at CSP-SOL.

II. Plaintiff's Motion for Preliminary Relief

In his motion,[1] plaintiff seeks an order restraining defendants from transferring plaintiff to the California Substance Abuse Treatment Facility ("SATF") and from depriving plaintiff from access to all his personal and legal property. (ECF No. 21 at 1.) Plaintiff claims that absent such a court order, "he will suffer irreparable injury and actual Bounds[2] injuries in his person, this action, and his pending federal habeas [action]," Givens v. Neuschmid, No. 2:17-cv-0328 KJM CKD P (E.D. Cal.). (ECF No. 21 at 1.) Plaintiff claims that while previously incarcerated at SATF from 2003 to 2007, he suffered a botched knee surgery requiring the filing of multiple grievances and complaints in order to obtain corrective surgery at Mercy Hospital around July 2005. As a result, correctional officers labeled plaintiff as a "trouble maker" and "jail house lawyer," and "defendants" or "agents working on their behalf" threatened to harm or kill plaintiff and his family. (ECF No. 21 at 2-3.) Plaintiff argues that the amended complaint filed in this action describes how his reputation at SATF has continued to follow him through his current incarceration.[3]

On November 8, 2019, plaintiff was endorsed for transfer to California Medical Facility ("CMF"), an institution designed to accommodate his medical needs, under his new disability

---

[1] Although plaintiff signs his motion as "sworn true," he did not sign the motion under penalty of perjury. See 28 U.S.C. § 1746(2) which provides the following format: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." Id.

[2] Plaintiff refers to Bounds v. Smith, 430 U.S. 817, 821 (1977), which was abrogated in part by Lewis v. Casey, 518 U.S. 343 (1996).

[3] The CDCR inmate locator reflects plaintiff was admitted into custody on July 8, 2015, and assigned inmate identification number AX-1773.

2

status of DPP-DPM (disability affecting placement).  About November 29, 2019, plaintiff's personal and legal property were stored at Receiving & Release.  On December 2, 2019, while on the transport, plaintiff learned he was being returned to SATF and so refused transfer, stating his life or safety would be at risk based on documentation in his prison file under his former inmate identification number T-86266.  Plaintiff received a rules violation for failing to accept the transfer and for refusing a direct order.  As of December 4, 2019, plaintiff did not know where his property is located.  On December 3, 2019, plaintiff learned that his endorsement for transfer to CMF was overridden by CDCR Headquarters on November 19, 2019, based on a "redirect chrono dated 11-18-19 per PMU directive," a non-committee endorsement by CSR R. Garcia, which cannot be overridden at the institutional level.  (ECF No. 21 at 4.)  Plaintiff states that unless evidence of threats by staff at SATF are found in plaintiff's prison file, defendants will schedule plaintiff for transfer to SATF.  Plaintiff adds that during the processing of his 2004 civil rights action, all pleadings were served on the SATF Warden and put in plaintiff's prison file.  (ECF No. 21 at 5.)  Plaintiff admits that he is unaware if any of the defendants from the 2004 case still work at SATF, but believes one of the officers who threatened plaintiff was at SATF as of 2015.  Plaintiff argues that "he should not be forced to jeopardize his safety nor the safety of his family to receive [alleged] adequate medical care at SATF, and believes that interests would better be served at a different prison."  (ECF No. 21 at 5.)

Specifically, plaintiff asks the court to:

> 1. Rescind [defendants'] decision to redirect plaintiff's endorsement to CMF in order to transfer plaintiff to SATF, where, due to his ethnicity, he will be a heightened risk for Valley Fever, and subject to the irreparable injury discussed in his motion;
>
> 2. Reinstate plaintiff's transfer to CMF or, in the alternative, transfer him to the California Health Care Facility or Mule Creek or other agreed upon prison other than SATF; and
>
> 3. Provide plaintiff with access to his needed medications and other personal and legal property needed to defend his claims in this action, as well as No. 2:17-cv-0328 KJM CKD.

(ECF No. 21 at 6.)

////

3

A. <u>Applicable Law</u>

A temporary restraining order may issue upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters</u>, 415 U.S. 423, 439 (1974). In ruling on a motion for temporary restraining order, district courts apply the same factors used to evaluate a request for preliminary injunctive relief: whether plaintiff "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in his favor, and . . . an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008); see <u>Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO, we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter</u>, 555 U.S. at 24 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. <u>City of L.A. v. Lyons</u>, 461 U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u> Further, requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Finally, the pendency of an action does not give the court jurisdiction over prison officials in general. <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 491-93 (2009); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this

action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969.

B. Discussion

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Id. Plaintiff has not provided the certification required by this rule. Accordingly, the request for a temporary injunction is defective and should be denied.

Plaintiff's motion is also premature for three reasons. First, plaintiff filed his motion before the complaint was screened, and no defendant has been served with process. Until defendants have been served with process, this court lacks personal jurisdiction over the motion, and may not grant the injunctive relief he seeks. See Fed. R. Civ. P. 65(d)(2); see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

Second, plaintiff concedes that his prison file contains the documents raising his safety concerns about prison staff at SATF, and that he will be transferred "unless they find evidence of threats by staff in his prison file." (ECF No. 21 at 4.) Although plaintiff states that the redirection of his transfer cannot be overturned at the institutional level, that does not preclude plaintiff from alerting CDCR headquarters (or CSR R. Garcia) of plaintiff's safety concerns, or filing administrative appeals apprising prison staff at CSP-SOL about plaintiff's safety concerns.

Third, plaintiff's request concerning his property is also premature in that he refused transfer on December 2, 2019, and sought court intervention on December 4, 2019. Although he claims he does not know where his property is located, it would appear his property remains at

R&R pending a determination of where plaintiff will be transferred, if at all. But in any event, plaintiff must first pursue his administrative remedies concerning the location of his property before seeking court intervention. As of December 11, 2019, plaintiff had no pending deadlines in either his habeas case or the instant action. Plaintiff filed timely objections in case No. 2:17-cv-0328 KJM CKD, so at present, nothing further is required by plaintiff.[4] Rather, plaintiff must await the district court's ruling on the pending findings and recommendations. Id. Similarly, nothing is required from plaintiff in the instant action until the court screens plaintiff's amended complaint. Nevertheless, in either case plaintiff may seek an extension of time in which to comply with any subsequent court order that should issue.

Finally, plaintiff fails to meet the elements required under Winter. First, it appears that plaintiff's safety concerns at SATF are speculative. Plaintiff concedes he is unaware if any of the defendants who made threats at some point between 2004 and 2007 are still employed at SATF. Also, many years have elapsed between plaintiff's corrective surgery, his reincarceration, and his proposed transfer to SATF. Plaintiff's allegations, without more, fail to demonstrate he is likely to suffer irreparable harm if he is transferred to SATF. In addition, prisoners do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Thus, to the extent plaintiff seeks to dictate where he is housed, such effort is unavailing in this action.

Additionally, because the court has not yet screened plaintiff's amended complaint, the court is unable to ascertain whether plaintiff is likely to succeed on the merits of his underlying claims. But plaintiff's injunctive relief claims are not based on the claims raised in his amended pleading because his underlying allegations pertain to medical care and alleged retaliation that took place at CSP-SOL and DVI, not at SATF. Moreover, the decision to redirect plaintiff's

---

[4] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

6

transfer was issued by CSR Garcia at CDCR headquarters, who is not named as a defendant in this action. Thus, it appears that the allegations in his pending motion would not be heard in the underlying action.

For all of the above reasons, the undersigned recommends that plaintiff's motion be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

Further, IT IS RECOMMENDED that plaintiff's request (ECF No. 21) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 12, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/give0117.tro.pi