UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. 2:19-cv-0017 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff filed a motion to compel defendants to file a suggestion of death on the record for defendant Dr. Harry Newman and provide information to enable plaintiff to file a motion to substitute decedent's successor or representative under Rule 25(a) of the Federal Rules of Civil Procedure. (ECF No. 49.) Plaintiff also filed a motion to stay these proceedings pending the filing and resolution of such motion for substitution. (ECF No. 50.) Defendants Chapnick, DeHerrera and Palagummi opposed the motions; plaintiff filed a reply. As discussed below, the undersigned recommends that plaintiff's motions be denied.

<u>Death of Dr. Newman</u>

On December 10, 2020, a notice was filed advising the intent not to waive service on defendant Dr. Harry Newman because he is deceased. (ECF Nos. 33-34.) Defense counsel

declared that while preparing the opposition, counsel asked the DVI litigation coordinator to provide Dr. Newman's date of death. (ECF No. 45 at 4.) The litigation coordinator responded via email that the date was July 14, 2018. (Id.) Defendants also provided a copy of the litigation coordinator's emailed response. (ECF No. 45-2 at 2.)[1]

Plaintiff's Motions

Plaintiff asks the court to compel defendants to determine whether the DVI litigation coordinator has any continuing authority to act on behalf of the decedent, Dr. Harry Newman; provide the name and contact information for any possible successor or legal representative for decedent, if known; provide a copy of the death certificate of Dr. Newman or name the county and state where Dr. Newman died; or, in the alternative, file and serve a proper suggestion of death on the record in this case. Plaintiff's motion is based on Rule 25(a) of the Federal Rules of Civil Procedure. (ECF No. 42 at 5.) In his motion for stay, plaintiff asks the court to stay this action for 90 days to allow plaintiff to file a creditor's claim against decedent's estate, and then seek substitution of defendant Dr. Newman's successor, and if there is no surviving spouse, plaintiff will have to petition for probate. (ECF No. 43.) Plaintiff provided a copy of a letter from the San Joaquin County Superior Court, dated February 17, 2021, returning plaintiff's creditor's claim and advising that "no record found for this individual." (ECF No. 43 at 5.)

Defendants oppose plaintiff's motions because counsel for responding defendants does not represent Dr. Harry Newman, and argue that Rule 25(a) does not apply. (ECF No. 45.) Defendants urge the court to follow Lacy v. Tyson, 2012 WL 4343837, *2 (E.D. Cal. Sept. 20, 2012), adopted, 2012 WL 5421230 (E.D. Cal. Nov. 5, 2012). In Lacy, the plaintiff was a pro se state prisoner raising a § 1983 complaint against correctional officers and medical staff. The

---

[1] California Medical Board records confirm that Dr. Harry Charles Newman, physician and surgeon, License No. G 25552, who practiced in San Joaquin County, where DVI is located, is deceased. The California Medical Board provides on-line license verification. <https://www.mbc.ca.gov/Breeze/License_Verification.aspx> accessed May 7, 2021. This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

district court held that because decedent R. Reyna died before the lawsuit was filed, the motion for substitution under Rule 25 was denied, and decedent Reyna was dismissed with prejudice. Lacy, 2012 WL 4343837 at *2. Defendants contend that because defendant Dr. Newman died before this action commenced, substitution under Rule 25 does not apply and is not available to any party. (ECF No. 45 at 7.) For the same reason, defendants contend the motion for stay should be denied as moot.

In reply, plaintiff contends that defendants are better situated than plaintiff to identify Dr. Newman's successor in interest or legal representative, and argues that Rule 25 substitution is appropriate. Plaintiff now also argues, apparently in the alternative, that Rule 15(c) amendment, or joinder under Rules 19 or 20, are available for this action. (ECF No. 49 at 2, 6.) He further contends a stay of these proceedings is necessary so that plaintiff can file a creditor's claim against the decedent's successor in interest. (ECF No. 49.)

Rule 25

Rule 25 of the Federal Rules of Civil Procedure governs the substitution of parties.

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Such provision authorizes the substitution of a proper party when an existing party dies after the suit is commenced. Id.; see also History and Application of Rule, 7C Fed. Prac. & Proc. Civ. § 1951 (3d ed.) ("The rule presupposes that substitution is for someone who was a party to a pending action.[] Substitution is not possible if one who was named as a party in fact died before the commencement of the action.[]" (footnotes omitted)).

Last year, the Ninth Circuit held that a dead person may not sue, be sued, or be joined as a party to a lawsuit. LN Mgmt., LLC v. JPMorgan Chase Bank, N.A., 957 F.3d 943, 951 (9th Cir. 2020). The Ninth Circuit declined to decide whether Rule 25(a) permits the substitution of a party "dead *ab initio*," but did discuss cases from the Fourth, Fifth and Tenth Circuits addressing such issue in several contexts. LN Mgmt., LLC, 957 F.3d at 955-56. Of relevance here, the Fifth

Circuit held that because defendant Buras died after he had hit and killed the victim with his truck, but before the relatives of the victim filed the lawsuit, Rule 25(a) was unavailable because Buras "predeceased the filing of the action." Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir. 1969). Several district courts in California agree, holding "that Rule 25 substitutions are unavailable when the defendant for whom substitution is sought was dead before the commencement of the action, which was therefore a nullity." LN Mgmt., LLC, 957 F.3d at 954 (collecting cases).

Discussion

The undersigned is persuaded that Rule 25 does not apply to this action, and that plaintiff's complaint against decedent Dr. Newman is a nullity. Lacy, 2012 WL 4343837 at *2 (Rule 25 "does not address situations where the death occurred before the suit was filed.") "While the Ninth Circuit has not addressed this issue, courts have held, as a rule, that the substitution of parties cannot be ordered in conformance with Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party." Lacy, 2012 WL 4343837 at *2.

Here, Dr. Harry Newman died before the instant action was filed. Thus, there is no procedure in place for the court to substitute his presence in this action for that of a personal representative of his estate. See Moul v. Pace, 261 F. Supp. 616, 617-18 (D. Md. 1966) ("no procedural mechanism exists for the Court to substitute [decedent's] presence in this case for that of a personal representative of his estate."); Chorney v. Callahan, 135 F.Supp. 35, 36 (D. Mass. 1955) (where a suit is filed against an individual who died before the complaint was filed, "at that point the purported action was a nullity, for a dead man obviously cannot be named party defendant in an action.")

Plaintiff relies on Gilmore v. Lockard, 936 F.3d 857 (9th Cir. 2019). However, in Gilmore, the unserved defendant died after the lawsuit was filed but before service of process was accomplished. Id. at 864. "The purpose behind Rule 25(a) suggests that substitution remains available after filing and prior to service." Gilmore, 936 F.3d at 864 (emphasis added). Here, defendant Dr. Newman died on July 14, 2018, before plaintiff filed the instant lawsuit on January 2, 2019. Indeed, the Ninth Circuit later confirmed such distinction:

4

> In overturning the denial of Gilmore's motion to substitute the prison guard's "successor or representative," Fed. R. Civ. P. 25(a), we noted in passing that Mizukami was "inapposite since that suit was filed after the defendant's death, and Rule 25(a) presupposes that the deceased was already a party in the action prior to death."

LN Mgmt., LLC, 957 F.3d at 951, quoting Gilmore, 936 F.3d at 864 n.4. Thus, the Ninth Circuit concluded that a party cannot bring a federal lawsuit against a dead person. LN Mgmt., LLC, 957 F.3d at 955. While plaintiff attempts to compare the instant circumstances with Gilmore because the decedent in Gilmore died prior to service of process, the fact remains that the Gilmore lawsuit was filed before the decedent in Gilmore died.

Plaintiff also cites Zochlinski v. Regents of the Univ. of Cal., No. 2:10-cv-1824 KJM KJN PS (E.D. Cal. Nov. 4, 2015). (ECF No. 49 at 7.) However, Zochlinski is also inapposite because the decedent in that case, defendant Jones, also died during the pendency of the action, not before the action was filed. (Id.) (Nov. 12, 2015 Statement Noting a Party's Death).

Following LN Mgmt., LLC, plaintiff is not allowed to name or join a dead person as a defendant. As argued by defendants, the instant case is very similar to Lacy, and the undersigned is persuaded by, and adopts, its reasoning. See also Cavanaugh v. County of San Diego, 2020 WL 8838234 (S.D. Cal. Aug. 24, 2020) ("This Court is persuaded to follow the several federal courts which hold that a party cannot maintain suit against a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) a party to a federal lawsuit.") Because Dr. Newman died before this action was commenced, Rule 25(a) does not apply, plaintiff's claims against the doctor are a nullity, and defendant Dr. Newman should be dismissed from this action with prejudice. Plaintiff's motions should be denied.

### Plaintiff's New Grounds for Relief

In his reply, plaintiff argues, for the first time, that he should be entitled to relief under Rules 15(c), 19 or 20 of the Federal Rules of Civil Procedure. (ECF No. 49 at 1, 5, 6.) However, plaintiff did not make such arguments in his motions, depriving defendants of an opportunity to address such claims. See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1035 (N.D. Cal. 2014) ("arguments raised for the first time in reply briefs are waived"); Zamani v. Carnes, 491 F.3d 990,

997 (9th Cir. 2007) (court "need not consider arguments raised for the first time in reply brief.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to compel defendants to comply with Rule 25(a) of the Federal Rules of Civil Procedure (ECF No. 42) and motion for stay (ECF No. 43) be denied; and

2. Defendant Dr. Harry Newman should be dismissed from this action with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 17, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/give0017.25(a).FR