UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | No. 2:19-cv-0017 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff's motion to file a third amended complaint is before the court. As discussed below, the undersigned recommends that the motion be denied.

Background

This action proceeds on plaintiff's second amended complaint alleging that defendants Newman, Chapnick, Conklin, and Palagummi violated plaintiff's First and Eighth Amendment rights while plaintiff was housed at Deuel Vocational Institute ("DVI") in Tracy, California, in late 2015.

On December 14, 2020, the summons was returned unexecuted as to Harry Newman, noting he was deceased. (ECF No. 35.) On December 18, 2020, the court ordered the Clerk to serve a copy of the unexecuted return of service on plaintiff. (ECF No. 36.) Following a brief

stay for the purpose of determining whether an early settlement conference was warranted, plaintiff filed a motion to compel counsel for the remaining defendants to provide plaintiff with information concerning Newman's death and next of kin, and to stay this action pending the location and service on a successor in interest.  On May 17, 2021, the undersigned recommended that such motions be denied and Newman be dismissed from this action because he died before the action was filed and therefore Rule 25(a) of the Federal Rules of Civil Procedure does not apply.[1]  On June 21, 2021, plaintiff filed objections and a motion to amend to name an unidentified "successor in interest or representative for defendant Newman."  (ECF No. 54 at 11.)  The proposed third amended complaint names "Doe 1 - successor in interest" as a defendant, adding "successor for former defendant Newman."  (ECF No. 55 at 2.)  Plaintiff relies on Federal Rules of Civil Procedure 15, 19, and 20.  (ECF No. 54 at 3-4.)

Discussion

Plaintiff seeks to name a Doe defendant; specifically, an unidentified successor in interest or legal representative for decedent H. Newman, who died before plaintiff filed this action.[2]  Plaintiff is not seeking to substitute the name of a known defendant for a defendant previously sued as a Doe defendant.  As argued by defendants, the use of Doe defendants is disfavored by the Ninth Circuit.  (ECF No. 57 at 3.)  Plaintiff cites no authority permitting him to amend a complaint to name a Doe defendant in a federal civil rights action, particularly where the operative pleading included no Doe defendant.  Moreover, plaintiff provided no legal authority to order an unidentified successor in interest to be named as a defendant when the decedent died prior to the filing of this action and had no notice of plaintiff's claims.  Rather, plaintiff acknowledges that "[a] federal lawsuit against a dead person cannot proceed except in the name of a properly represented estate or successor," citing LN Management, LLC v. JPMorgan Chase Bank, N.A., 957 F.3d 943, 955 (9th Cir. 2020).  (ECF No. 54 at 3.)

---

[1]  Dr. Harry Newman died on July 14, 2018.  (ECF No. 45 at 4.)

[2]  Under California law -- which federal courts apply in determining survival of a claim under 42 U.S.C. § 1983 -- a cause of action against a person is generally not extinguished by that person's death.  Cal. Civ. Proc. Code § 377.20(a).

2

In LN Management, the Ninth Circuit held "that a party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." Id., 957 F.3d at 955.  The Ninth Circuit found that it did not need to address whether "a district court *could* substitute a party dead *ab initio*, under Rule 25(a)," and identified "the essential problem [as] one must sue the correct legal representative of the estate, not the estate as a concept." LN Management, 957 F.3d at 956, 957.  LN Management improperly attempted to name "the estate" as a party, and the Circuit noted that there was no evidence that there was an estate, that a probate action had been initiated, or that the decedent's daughter was the correct legal representative of the estate, holding that it was not an abuse of discretion for the district court to deny motions to have the decedent's estate joined as a party. LN Management, 957 F.3d at 955-57.

Here, it is also unknown whether decedent Newman has an estate, whether a probate action has been filed, or whether a legal representative has been appointed.  In LN Management, the court unequivocally stated that "the request to add an unknown, and perhaps nonexistent, executor (if the motion were to be so construed) is clearly improper." Id.  Indeed, plaintiff confirms that he filed a creditor's claim with the San Joaquin County Superior Court, which was returned advising that "no record found for this individual." (ECF No. 43 at 5 (Dr. Newman worked in San Joaquin County).)  The undersigned finds that because plaintiff does not know whether decedent Newman has an estate, whether a probate action has been filed, or whether a legal representative has been appointed, it would be inappropriate to allow plaintiff to amend to name a Doe defendant as a successor in interest to decedent Newman.

Moreover, plaintiff's amendment is further complicated by the fact that decedent Newman had no notice of plaintiff's claims because he died before the action was commenced.  Therefore, there is no notice that could be imputed to a successor in interest or legal representative for the estate of decedent Newman.  Plaintiff points to no facts demonstrating that decedent Newman was aware of plaintiff's claims before Newman died.

////

Such lack of notice also demonstrates that a successor in interest or legal representative would be prejudiced in defending this case on the merits. Here, plaintiff's claims arose in the context of decedent Newman's involvement in plaintiff's medical care at DVI and what Newman may have written in plaintiff's medical records. (ECF No. 55 at 6.) Plaintiff does not allege that the suggested doe defendant was involved in the 2015 allegations involving Newman, or was even aware of such allegations. That such allegations took place in October of 2015 and did not involve such doe defendant would make it very difficult for the doe defendant to defend against such stale allegations.

Finally, plaintiff's request for sanctions is denied. Plaintiff points to no evidence that counsel for defendants Dr. Chapnick and Dr. Palagummi, physicians at DVI, and Conklin Del Herrera, employed at the Inmate Correspondence and Appeals Branch, CCHCS Headquarters, engaged in conduct warranting sanctions. Indeed, as pointed out by defense counsel, plaintiff was served with notice of Newman's death on December 14, 2020, when summons returned unexecuted for Newman was filed by the U.S. Marshal. (ECF No. 35.) Defense counsel did not file a waiver of service for defendants Chapnick, Palagummi and Conklin Del Herrera until January 11, 2021.

Plaintiff contends that defense counsel failed to reasonably inquire into the death of decedent Harry Newman. However, it is undisputed that counsel for defendants do not represent Newman and did not accept or waive service of process on behalf of decedent Newman. Moreover, as explained in the prior findings and recommendations, because Newman died before the instant action was filed, Harry Newman was never a party or a defendant in this action, and therefore Rule 25, which applies only to parties, is not applicable here. No court orders have issued requiring defense counsel to provide information to plaintiff concerning decedent Newman, and there is no evidence that two physicians at DVI or an employee at the appeals branch would be privy to information concerning decedent Newman or his next of kin. Rather, such information would likely be held by the CDCR and would need to be obtained via subpoena or court order. Because defense counsel did not represent decedent Newman, counsel was under no obligation to inquire further concerning decedent Newman. While plaintiff could ask defense

counsel to provide such information, defense counsel was under no obligation to provide such information absent a court order. Thus, plaintiff's motion for sanctions is denied.

While plaintiff is correct that pro se pleadings are to be construed liberally, and leave to amend should be freely granted, the death of Newman prior to plaintiff filing this action precludes the court's use of rules that might otherwise assist plaintiff. Because Newman is not a party to this action, Rule 25 does not apply, and the court is unable to substitute a known (or unknown) person for decedent Newman under Rule 25. Similarly, Rule 15(c) does not apply:

> (C) the amendment changes the <u>party</u> or the naming of the <u>party</u> against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the <u>party</u> to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper <u>party's</u> identity.

Fed. R. Civ. P. 15(c) (emphasis added). Here, again, because Newman is not a party because he died before the action was filed, Rule 15(c) by its very terms does not apply. Moreover, as discussed above, the putative successor in interest to Newman had no notice of plaintiff's claims, let alone timely notice, and there was no mistake concerning a party's identity; rather, plaintiff was simply unaware that Newman died prior to filing this action. Thus, this case is also not similar to those cases where the plaintiff named Doe defendants in the original complaint because the plaintiff was unaware of the defendant's identity at the time the complaint was filed. <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999); <u>Gillespie v. Civiletti</u>, 629 F.2d 637 (9th Cir. 1980). While plaintiff's lack of awareness that Newsom had died prior to suit is unfortunate, the status of decedent Newman at the time this action was filed dictates whether plaintiff's claims against Newman can proceed.

<u>Request for Joinder</u>

Rules 19 and 20 of the Federal Rules of Civil Procedure are similarly unavailing because plaintiff fails to identify a specific person who could be joined in this action.

////

Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to amend (ECF No. 54) to name John Doe, successor in interest to decedent Dr. Harry Newman, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/give0017.mta