UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No.  2:19-cv-0017 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  On April 6, 2022, plaintiff filed a request for two subpoenas duces tecum and one USM-285 form, along with any related instructions.[1]

    Plaintiff's request is premature.  At present, two findings and recommendations are pending as to plaintiff's motions to compel, for stay, and to amend, all related to the status of decedent Dr. Harry Newman or his potential successor, and no discovery and scheduling order has issued in this case.[2]  As noted, because plaintiff is proceeding in forma pauperis, he must file

---

[1] Plaintiff also sought documents for his other case, 2:20-cv-0930 DMC.  However, his request was also filed in 2:20-cv-0930 DMC.  Therefore, the undersigned does not address such request.

[2] The court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations.  Because personal service of a subpoena duces tecum is required, Fed. R. Civ. P. 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a

a properly-supported motion to obtain a subpoena duces tecum.  Moreover, to the extent plaintiff seeks information concerning the identity of a representative of decedent Newman's estate, plaintiff must await the district court's ruling on the pending findings and recommendations before filing such a motion.

The USM-285 form is required for service of process that is determined by the court when screening a complaint.  At present, no USM-285 form is required.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request (ECF No. 60) is denied without prejudice.

Dated:  April 18, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/give0019.sdt.d

---

subpoena is not taken lightly by the court." Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d).  Limitations on subpoenas include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.  A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party.  See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010).