UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>            Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>            Defendants. | No.  2:19-cv-0017 TLN KJN P<br><br>ORDER |

    Plaintiff is a former state prisoner, proceeding pro se, who recently moved to Las Vegas, Nevada.  Presently pending before the court is plaintiff's motion to participate in electronic case filing.¹  (ECF No. 68.)

    Under this court's local rules, pro se parties are not permitted to use electronic filing except with permission of the Court.  See E. Dist. Cal. Local Rule 133(b)(2).  Local Rule 133 further requires pro se parties to file documents conventionally unless the Court grants leave to use electronic filing.  Id.  When seeking such permission, the request shall be submitted as a stipulation as provided in Local Rule 143 or, if a stipulation cannot be had, as a written motion setting out "an explanation of reasons for the exception."  Local Rule 133(b)(3).

---

¹ This action is referred to the undersigned pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and Local Rule 302(c)(21).

1

Here, plaintiff does not address whether or not he sought a stipulation from opposing counsel as to plaintiff having access to electronic filing. Rather, plaintiff states he now has reliable online access, and "believes" he can comply with this court's NextGen PDF filing requirements. (ECF No. 68 at 1.) He claims that allowing him electronic access would "expedite resolution of this matter while enhancing sustainability of the environment." (Id.)

It is unclear how plaintiff's access to electronic filing would expedite resolution of this action, and his qualifier as to his ability to comply with electronic filing requirements is concerning. The undersigned appreciates that electronic filing saves trees, but such factor is insufficient to override the default posture of the Local Rules requiring pro se parties to file and serve paper documents. Thus, plaintiff's motion for electronic filing is denied without prejudice to plaintiff seeking a stipulation from opposing counsel and providing good cause for deviance from the Local Rule applicable to unrepresented litigants.[2]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for permission to use electronic filing (ECF No. 68) is denied without prejudice.

Dated: August 24, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/give0017.ecf

---

[2] The court acknowledges the challenges faced by a pro se plaintiff in meeting court deadlines when receiving service of court-filed documents by mail and filing documents by mail. Generally, the court will seek to accommodate circumstances requiring extensions of time in such cases.