UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>            Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>            Defendants. | No.  2:19-cv-0017 TLN KJN P<br><br>ORDER |

    Plaintiff is a former state prisoner, proceeding pro se and in forma pauperis.  On September 12, 2022, plaintiff filed a request to subpoena certain documents from personnel records of nonparty Dr. Harry Newman from nonparty Dr. Bick, Director of Health Care Services for the California Correctional Health Care Services System.  As discussed below, plaintiff's request is denied.

    Initially, the undersigned notes that on September 9, 2022, plaintiff emailed court personnel asking to withdraw the request for subpoena.  However, on August 25, 2022, plaintiff's motion to participate in electronic case filing was denied.  Plaintiff is advised that he may not circumvent the requirement to file documents in paper form in this action by emailing court personnel.  Any communication pertinent to this action must be filed in this case so such communications are a matter of record, and provide opposing parties notice of the

1

communication. Because opposing counsel did not receive notice of plaintiff's email, the undersigned cannot consider the email in addressing plaintiff's request. In the future, plaintiff shall refrain from emailing court personnel, and the court will not respond to any future emails.

<u>Applicable Law</u>

Pursuant to Federal Rule of Civil Procedure 45(a)(2), a subpoena duces tecum may direct a non-party to an action to produce documents or other tangible objects for inspection. A subpoena must be personally served or it is null and void. Fed. R. Civ. P. 45(c); <u>Gillam v. A. Shyman, Inc.</u>, 22 F.R.D. 475 (D. Alaska 1958). Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d). However, this court must consider the following limitations before directing the United States Marshal to personally serve a prisoner's proposed subpoena duces tecum.

A subpoena duces tecum is subject to the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." <u>Badman v. Stark</u>, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery") (citing <u>Cantaline v. Raymark Industries, Inc.</u>, 103 F.R.D. 447, 450 (S.D. Fla.1984)); <u>see also</u> <u>United States v. Columbia Broadcasting System, Inc.</u>, 666 F.2d 364 (9th Cir.1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. <u>Badman</u>, 139 F.R.D. at 605. In addition, a motion authorizing service of a subpoena duces tecum must be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See, e.g., <u>Davis v. Ramen</u>, 2010 WL 1948560, *1 (E.D. Cal. 2010); <u>Williams v. Adams</u>, 2010 WL 148703, *1 (E.D. Cal. 2010).

Discussion

On July 26, 2022, decedent Dr. Harry Newman was dismissed from this action with prejudice; because Dr. Newman died prior to the filing of this action, it was determined that he is not a party to this action. (ECF Nos. 50, 65.) Because Dr. Newman is not a party, plaintiff fails to demonstrate the records sought are relevant herein, and thus the burden on nonparty Dr. Bick is unjustified. Plaintiff's request is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 9, 2022 email to court personnel is disregarded; and

2. Plaintiff's request (ECF No. 75) is denied.

Dated: September 15, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/give0017.sdt