UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCOIS P. GIVENS,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

No. 2:19-cv-0017 TLN KJN P

ORDER

Plaintiff is a former state prisoner, proceeding pro se and in forma pauperis. Plaintiff filed a request to subpoena certain documents from the Office of the Deputy Director, Policy and Risk Management Services, California Correctional Health Care Services System ("CCHCS"). As discussed below, plaintiff's request is denied without prejudice.

Plaintiff's Allegations

This action proceeds on plaintiff's second amended complaint (ECF No. 28) against defendants S. Palagummi, a retired physician; R. Chapnick, chief medical executive at Deuel Vocational Institution, and C. Conklin, a staff services manager II in regulations at California Correctional Health Care Services (ECF No. 46). Plaintiff raises Eighth Amendment medical deliberate indifference claims and related failure to protect claims; First Amendment retaliation claims, and various state law claims.

Applicable Law

Pursuant to Federal Rule of Civil Procedure 45(a)(2), a subpoena duces tecum may direct a non-party to an action to produce documents or other tangible objects for inspection. A subpoena must be personally served or it is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958). Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d). However, this court must consider the following limitations before directing the United States Marshal to personally serve a prisoner's proposed subpoena duces tecum.

A subpoena duces tecum is subject to the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery") (citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla.1984)); see also Legal Voice v. Stormans Inc., 738 F.3d 1178, 1184 (9th Cir. 2013) (Courts "must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'"). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605. In addition, a motion authorizing service of a subpoena duces tecum must be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010).

////

////

////

Plaintiff's Proposed Subpoena Duces Tecum

Plaintiff seeks production of the following documents, information and or tangible things:

1. All documents associated with CDCR-1824 Log # DVI-X-15-02117, submitted by plaintiff on August 3, 2015, including, but not limited to the RAP Panel denial of accommodation issued on or around August 13, 2015;

2. Plaintiff's August 15, 2019 submission of appeal to that accommodation, CDC602 Log #DVI HC 15045270, any cancellation notices for that appeal, resubmission of that appeal, and any attached documents, including, but not limited to: (a) The September 4, 2015 first level response by Dr. Robert Chapnick with any attached documents and documents referenced within the September 4, 2015 decision; (b) The October 19, 2015 second level response with any documents attached by or referenced by the reviewing authority at the second level of review; (c) The December 31, 2015 third level response signed on behalf of the Deputy Director for Policy and Risk Management Services division for CCHCS with any attached documents and documents referenced within the Deputy Director's response; and (d) Identification of the person who singed on behalf of the Deputy Director for PRMS/CCHCS.

3. All clinician/physician progress notes, diagnosis, prognosis, evaluations, etc., placed in plaintiff's medical file issued between his July 8, 2015 arrival at DVI and December 31, 2016, including but not limited to records authored by Doctors White, Palagummi, Newman, Malet and Wang.

(ECF No. 79 at 4-5.)

Discussion

Plaintiff's request for a subpoena duces tecum was not accompanied by a motion addressing the above issues. Plaintiff fails to demonstrate that he is unable to obtain the documents sought from defendants through discovery. Indeed, in light of plaintiff's Eighth Amendment medical deliberate indifference claims, it is likely that defense counsel has a copy of plaintiff's medical records pertinent to plaintiff's claims herein.[1] As for documents related to

[1] Generally, the court will not issue a subpoena for a prisoner's prison medical or other records unless he has demonstrated an inability to obtain them through regular prison procedures. See

plaintiff's inmate appeals, if defendants move for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies, defendants would be required to provide copies of the pertinent grievances in support of such motion. It is unclear whether defendants anticipate filing such a motion. The undersigned finds that plaintiff has failed to demonstrate he is entitled to subpoena records from the nonparty Director for the Policy and Risk Management Services section of the CCHCS. Therefore, plaintiff's request for subpoena duces tecum is denied. That said, it appears the parties are cooperating in the discovery process. (ECF Nos. 85, 87.) Plaintiff is encouraged to confer with counsel for defendants to see whether plaintiff can arrange to obtain copies of documents pertinent to his claims from defense counsel since plaintiff is no longer incarcerated. See, e.g., Daniels v. Arnold, 2020 WL 4518027 (E.D. Cal. June 9, 2020).

Accordingly, IT IS HEREBY ORDERED that plaintiff's request (ECF No. 79) is denied without prejudice.

Dated: November 28, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/give0017.sdt2

e.g. Glass v. Diaz, 2007 WL 2022034, at *4 (E.D. Cal. July 9, 2007) (where prison medical records are "equally available to plaintiff, plaintiff must attempt to obtain them through the proper prison channels" before seeking court intervention based on a "showing that he has been unable to obtain these records on his own"); Valenzuela v. Smith, 2006 WL 403842, at *2 (E.D. Cal. Feb. 16, 2006) ("[d]efendants cannot be compelled to produce documents ... that are equally available to plaintiff in his prison medical file"). It is unclear what efforts, if any, plaintiff made to access his records prior to his July 28, 2022 parole from prison. But now that plaintiff is no longer incarcerated, he has no direct access to his central file.