UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCOIS GIVENS,

        Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

        Defendants.

No.  2:19-cv-0017 DAD KJN P

ORDER

     Plaintiff is a former state prisoner, proceeding pro se.  Plaintiff's multiple motions to compel discovery are fully briefed.  As set forth below, the motions are granted in part and denied in part.

Plaintiff's Allegations

     This action proceeds on plaintiff's second amended complaint (ECF No. 28) against defendants S. Palagummi, a retired physician; R. Chapnick, chief medical executive at Deuel Vocational Institution; and C. Conklin, a staff services manager II in regulations at California Correctional Health Care Services (ECF No. 46 at 2).  Plaintiff raises Eighth Amendment medical deliberate indifference claims and related failure to protect claims; First Amendment retaliation claims, and various state law claims.

////

1

Motions to Compel Discovery

    A. <u>Standards Governing Discovery Disputes</u>

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt v. County. of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. <u>McCoy v. Ramirez</u>, 2016 WL 3196738 at *1 (E.D. Cal. 2016); <u>Ellis v. Cambra</u>, 2008 WL 860523, at *4 (E.D. Cal. 2008).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." <u>United States v. Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

<u>Id.</u> "Relevance for purposes of discovery is defined very broadly." <u>Garneau v. City of Seattle</u>, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and

2

1  the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, 2009 WL

2  1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

3           B.  Local Rule 251

4           As set forth in the court's scheduling order, "unless otherwise ordered, Local Rule 251

5  shall not apply."  (ECF No. 67 at 5.)

6  Discussion

7           A.  Alleged Failure to Meet and Confer

8           Plaintiff objects that certain defendants failed to meet and confer concerning discovery

9  disputes.  Even if a particular defendant failed to follow the meet and confer process under Rule

10  37(a) of the Federal Rules of Civil Procedure, plaintiff's objections are overruled.[1]  The court

11  relieved the parties of the meet and confer requirement under Local Rule 251 because plaintiff

12  was incarcerated at the time this action was filed and proceeds pro se, it is difficult for the parties

13  to engage in face to face conferences.

14           B.  Attempts to Expand Discovery Through Meet and Confer

15           The court acknowledges and appreciates plaintiff's efforts to resolve discovery disputes

16  by conferring with defendants' attorney.  However, as addressed in more detail below, the meet

17  and confer process does not include an ability to revise a discovery request and then challenge a

18  defendant's failure to respond to a proposed revision.  Indeed, counsel informed plaintiff that

19  "defendants would not agree to any expanded discovery as that was not the purpose of the parties'

20  stipulated extension."  (ECF No. 101-1 at 5.)  If, through the meet and confer process, a party

21  determines that a different request needed to be propounded, such party is required to propound a

22  second set of discovery so that it is clear a response is sought to the revised request, both to the

23  opposing party and to the court when addressing any subsequent motion to compel.

24           The court turns to the merits of plaintiff's motions.

25  _____

26  [1]  Federal Rule of Civil Procedure 37(a) contains a requirement that the movant attempt to resolve
any disputes prior to seeking court intervention.  However, while compliance with that rule has
27  not been explicitly excused and the court encourages parties to attempt to resolve disputes prior to
seeking court intervention, because plaintiff was incarcerated at the time this action was filed and
proceeds pro se, it is not enforced here and does not provide grounds for granting plaintiff's
28  motions.

C. Requests for Admissions

Rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:  (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

Unlike the failure to respond to other discovery requests, upon the failure to respond to a request for admission ("RFA") the matter is deemed admitted.  Fed. R. Civ. P. 36(a)(3).  Rule 36(a) is self-executing and the failure to timely respond to requests for admissions results in automatic admission of the matters requested.  <u>F.T.C. v. Medicor LLC.</u>, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) (citing SCHWARZER, TASHIMA & WAGSTAFFE, FED. CIV. PROC. BEFORE TRIAL at ¶¶ 811-12 (2002)).  Once a matter is admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" pursuant to Rule 36(b).  <u>Conlon v. United States</u>, 474 F.3d 616, 621 (9th Cir. 2007).

**<u>Defendant Palagummi</u>**

<u>RFA Nos. 1-4, 8-13, 17, 20-22 & 26-27</u>[2]

Plaintiff asks the court to strike defendant Palagummi's objections from the following supplemental responses:  Numbers 1-4, 8-13, 17, 20-22, and 26-27.  (ECF No. 93.)  However, defendant Palagummi admitted to each of these supplemental requests.  (ECF No. 101-2 at 90-97,

---

[2]  Plaintiff withdrew his challenge to RFA Nos. 5, 6, 14-16, 18-19, 23-24 & 28-30. (ECF No. 93 at 10, 20, 22, 26, 31.)

4

98-101, 103-04.)  Thus, as argued by defendant, this court is not required to address the

sufficiency of such objections.  Fed. R. Civ. P. 36(a)(6).

> RFA No. 7  Plaintiff rephrases Request No. 7 as follows:

> The 2009 CPHCS Pain Management Guidelines, under Section II
> 'CPHCS Pain Management: Guideline Summary', Subsection A.
> 'General Principles' describes a "step-wise approach" for the use of
> medications, i.e., "Step One: Non-opioid analgesics +/- adjuvants",
> "Step Two: Weak opioid +/- adjuvants", and Step Three: Strong
> opioid +/- adjuvants" (see Exhibit C at p. 7).

> SUPPLEMENTAL RESPONSE TO RFA NO. 7:  Defendant objects
> to this request on the grounds it is vague and ambiguous as to the
> terms and phrases, "describes," "a step-wise approach" for the use of
> medications," "i.e.," and "Exhibit C at p. 7." defendant also objects
> on the grounds it is compound. Defendant also objects to this request
> on the grounds it is not relevant to any claim or defense, or is not
> likely to lead to the discovery of admissible evidence. Subject to and
> without waiving the above objections, Defendant admits the cited
> section contains a subpart titled "stepwise approach." Save as so
> admitted, based on the above objections, Defendant is unable to
> admit or deny the request, and on this basis, denies it."

(ECF No. 101-2 at 93 (in pertinent part).)

The court overrules plaintiff's objection to defendant's response to request 7, inasmuch as

defendant admitted that the cited portion of the 2009 CPHCS Pain Management Guidelines

contains a subpart titled "step-wise approach."  (ECF No. 101-2 at 93.)  In his reply, plaintiff

complains that defendant's response is incomplete because it only admits a portion of the

wording.  (ECF No. 102 at 11.)  However, plaintiff did not provide a copy of his Exhibit C, so the

court is unable to confirm that such additional wording is included in the guidelines contained

therein.  Plaintiff did provide a copy of the State of California Prison Health Care Services Pain

Management Guidelines with his motion to compel, but he failed to identify what page of the 65

page document he refers.  (ECF No. 93-6 at 1-71.)  If the 2009 guidelines include such wording,

the guidelines speak for themselves.  No further response is required.

> RFA No. 22:  During the 9-2-15 encounter you informed Plaintiff
> that you would not issue narcotic pain medication.

> RESPONSE TO RFA NO 22:  Defendant objects to this request on
> the grounds it is vague and ambiguous as to the terms and phrases,
> "encounter," "you informed," and "you would not issue." Subject to
> and without waiving the above objections, Defendant admits.

1      Opioids were not medically indicated at that time.

2   (ECF No 93 at 24-25.)

3          Revised RFA No. 22:  Despite objections, Defendant Palagummi
           admits Request No. 22, i.e., that during the 9-2-15 encounter
4          [Defendant] informed Plaintiff that [Defendant] would not issue
           narcotic pain medication.   However, this admission was also
5          qualified by Defendnat [sic] Palagummi by adding the phrase
           "Opioids were not medically indicated at that time." This question as
6          to whether opioids were medically indicated at that time was neither
           asked nor encompassed within the substance of the request, and is at
7          odds with the scope of Rule 36(a)(4) (see *Chu De Quebec- Universite
           Laval v. Dreamscape Development Group Holdings Inc* , Case No
8          4:21-cv-182 SDJ, (E.D. Tex, May 27, 2022) [the rule does not allow
           a party to qualify an admission by making it subject to an objection];
9          see also *Turner v. California Forensic Medical Group*, Case 2:09-
           cv3040, ED Cal 2013 [A party may admit, deny or object to a request
10         for admission as it is written, but may not alter or rewrite the request
           to admit something that was not asked]).

11
           The portion of Defendant Palagummi's answer which states "Opioids
12         were not medically indicated at that time," should be stricken from
           the admission, and Plaintiff rephrases Request No. 21 as follows:
13
           "During the 9-2-15 encounter Defendant Palagummi informed
14         Plaintiff that Defendant would not issue narcotic pain medication."

15         SUPPLEMENTAL RESPONSE TO RFA NO. 22:   Defendant
           objects to this request on the grounds it is vague and ambiguous as
16         to the terms and phrases, "encounter," "informed," and "Defendant
           would not issue." Subject to and without waiving the above
17         objections, Defendant admits.

18   (ECF No. 101-2 at 100-01.)  Although defendant admitted plaintiff's revised RFA, plaintiff asks

19   the court to strike defendant's qualified response to plaintiff's original RFA.  However, because

20   defendant admitted plaintiff's revised RFA, the court is not required to address defendant's prior

21   response.  Fed. R. Civ. P. 36(a)(6).

22         RFA No. 25:  During that 9-22-15 encounter you determined that
           there was no medical indication that Plaintiff required stronger pain
23         medication.

24         RESPONSE TO RFA NO 25:  Defendant objects to this request on
           the grounds it is vague and ambiguous as to the terms and phrases,
25         "encounter," "determined," "no medical indication," "required," and
           "stronger pain medication." Subject to and without waiving the
26         above objections, Defendant denies. This 9/22/15 encounter was to
           discuss hypertension changes to blood pressure medication.
27
           Revised RFA No. 25:  Defendant Palagummi, based upon objecting
28         to vagueness and ambiguities in relation to substance, denies Request

                                        6

No. 25, i.e, that during that 9-22-15 encounter [Defendant] determined that there was no medical indication that Plaintiff required stronger pain medication. That denial was [] qualified with material which was not asked, i.e., *"This 9/22/15 encounter was to discuss hypertension and changes to blood pressure medication,"* which is an improper response under Rule 36(a)(4), and must be stricken. In order to expedite justice and to conform to evidence, Plaintiff rephrases Request No. 25 as follows:

"Prior to October 16, 2015 Defendant Palagummi did not make a medical determination that pain medication in addition to or other than150mg of Oxcarbazepine was medically indicated for Plaintiff."

SUPPLEMENTAL RESPONSE TO RFA NO. 25: Defendant objects to this request on the grounds it is vague and ambiguous as to the terms and phrases, "Prior to October 16, 2015," "did not make a medical determination," "pain medication," "in addition to or other than150mg of Oxcarbazepine," and "was medically indicated for Plaintiff." Defendant also objects to this request on the grounds it is compound and vague as to time. Defendant also objects to this request on the grounds that it is not relevant to any claim or defense, or is not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Defendant responds as follows: After a diligent review of records, Defendant does not have a sufficient recollection regarding the events to admit or deny, and on that basis, denies.

(ECF No. 101-2 at 102-03.)

Plaintiff seeks further response to request 25, arguing that defendant Palagummi originally offered a qualified denial by denying a question not asked, and then in the supplemental response, states that after a diligent review of the records, defendant does not have a sufficient recollection to admit or deny. Plaintiff claims that defendant's "'diligent review' failed to discover medical records which he claims provides the answer to the admission." (ECF No. 102 at 11, citing see ECF Nos. 93 at 25:15-28-1, and 93-8.) However, the citation to ECF No. 93 is plaintiff's RFA No. 22; although plaintiff identifies a specific medical record in RFA No. 22, he fails to do so in the revised RFA No. 25. Moreover, in his reply, plaintiff concedes that in his motion to compel he improperly referred to ECF No. 93-8 as Exhibit 5. (ECF No. 102 at 11 n.4.) Plaintiff's delayed correction does not entitle him to an additional response.

The undersigned finds plaintiff's RFA No. 25, even as modified, to be unclear because it refers to medical records "Prior to October 16, 2015." If plaintiff intended to seek an admission from defendant Palagummi as to a particular medical record, plaintiff should have identified such

7

record in the request.  Defendant is not required to speculate as to which medical record plaintiff

referred to in the request.  Finally, defendant cannot be required to answer when defendant, after

diligent review of records, does not have sufficient recollection concerning events that took place

in 2015 or was aware of which medical record plaintiff contemplated.  No further response to

RFA No. 25 is required.

**Defendant Chapnick**

Plaintiff seeks further responses to RFAs Nos. 1, 15 and 20, and seeks an order deeming

RFAs Nos. 4-8, 10, and 12-13 admitted based on defendant's failure to respond.[3]

RFA Nos. 1 & 20

As argued by defendant, defendant Chapnick admitted to number 1 and denied number 20.

Because such responses comply with Rule 36(a)(4), the court is not required to review the

sufficiency of the objections.  Fed. R. Civ. P. 36(a)(6).

> RFA No. 15:  In that 10-19-15 response you stated that Dr. Newman
> documented that Plaintiff was observed walking with a normal gait
> in the prisoner holding yard on 10-16-15, but
>
> "[o]nce you were called to the clinic, [Plaintiff] began to walk with
> a limp, carrying your cane. Dr. Newman further documented you
> became uncooperative until after an officer was called in, at which
> time your demeanor improved."
>
> RESPONSE TO RFA NO. 15:  Defendant objects to this request on
> the grounds it is vague and ambiguous as to the terms and phrases,
> "In that 10-19-15 response" and "you stated."  Defendant objects to
> this request on the grounds that it is unintelligible as drafted.
> Defendant also objects to this request on the grounds that it is
> compound, not relevant to any claim or defense, and not likely to
> lead to the discovery of admissible evidence.
>
> Subject to and without waiving the above objections, Defendant
> responds as follows: Based on the above objections, Defendant is
> unable to admit or deny the request, and on that basis, denies.

(ECF Nos. 96 at 10; 101-2 at 83.)

> Informal Attempt to Resolve RFA No. 15:  Based upon objections
> and evidence contained in Defendant DeHerrera's production
> responses, Plaintiff challenged the dispute and offered to rewrite
> Admission No 15 as "Defendant Chapnick's 10-19-15 2nd level

---

[3]  Plaintiff withdrew RFA Nos. 2, 3, 9, 11, 14, 16-19.  (ECF No. 96 at 8-9, 11.)

1    response to Log# DVIHC 15045270 provides, in relevant part:

2    "You were interviewed and examined by H. Newman, M.D., on
     October 15, 2015, regarding the aforementioned issues documented
3    within this Health Care Appeal. Dr. Newman documented that you
     were observed walking in the Holding Yard, prior to your
4    appointment, with a normal gait; however, once you were called into
     the clinic, you began to walk with a limp, carrying your cane. Dr.
5    Newman further documented you became uncooperative until an
     officer was called in; at which time, your demeanor improved" (see
6    AGO 010)."  (Exhibit C at p. 4)."

7    (ECF No. 96 at 10.)

8        Defendant's relevance objection is overruled.  However, RFA No. 15 is compound, vague,

9    ambiguous and unintelligible as drafted.  Indeed, plaintiff's attempt to rewrite RFA No. 15

10   confirms the validity of such objections.  Defendant's objections are sustained, and no further

11   response to RFA No. 15 is required.

12                  Failure to Answer

13       Defendant Chapnick failed to answer requests 4 to 8 and 10-13, but requests leave to

14   respond to such requests based on multiple issues.  First, plaintiff mailed his discovery requests to

15   plaintiff's counsel at her San Francisco address in September of 2022, despite counsel having

16   moved her office to Oakland in late August 2021.  Counsel declares that support staff updated

17   counsel's office address on letterheads, pleadings, and through ECF, and counsel updated her

18   signature block to reflect her current address.  (ECF No. 101-1 at 1-2.)  On October 3, 2022,

19   support staff in the San Francisco office scanned and emailed the discovery requests to

20   defendants' counsel.  Subsequently, the hard copies were forwarded to the Oakland office where

21   support staff again scanned and emailed the documents to counsel.  (ECF No. 101-1 at 3.)

22   Because the second set was "perceivably" "duplicate," counsel only referred to the first set of

23   discovery scanned by the San Francisco office.  (Id.)

24       Second, defendants' counsel did not review or handle the hard copies of plaintiff's

25   discovery requests because counsel primarily works remotely and receives all incoming mail as

26   scanned documents.  (Id.)

27       Third, counsel for defendant declares that from October through December of 2022, she

28   was "heavily preoccupied with litigation matters in other cases."  (ECF No. 101-1 at 3-4.)

                                          9

Counsel was similarly preoccupied with other litigation obligations in January of 2023.  (ECF No. 101-1 at 6.)  Finally, it was not until March 18, 2023, while preparing responses to the instant discovery motions that counsel viewed another electronic copy of plaintiff's RFAs to defendant Chapnick which contained three pages of RFAs rather than two.  (Compare ECF No. 101-2 at 26-28 to ECF No. 101-2 at 248-51.)

The Federal Rules provide that:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).  Further,

> [a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.  An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b) (emphasis added).

Under Rule 36, RFA Nos. 4, 5, 6, 7, 8, 10, 11, 12 and 13 are deemed admitted as of October 28, 2022, thirty days after plaintiff served the RFAs on counsel for defendant Chapnick (ECF No. 101-2 at 28) and Chapnick failed to answer.  Defendant's counsel provides no legal authority to support her request that the court allow defendant to belatedly answer the RFAs.  Rather, Rule 36 requires that counsel file a motion to amend or withdraw such admissions.  Fed. R. Civ. P. 36(b)

Moreover, even if the court had such authority, the undersigned is not persuaded by counsel's myriad excuses.  Defendant's counsel does not address her failure to notice that she responded to a set of RFAs that was clearly missing page two.  Plaintiff numbered the pages of his request, and page two was missing in the scanned document counsel first reviewed.  Instead, counsel answered only RFA Nos. 1-3 and 15-20, also ignoring that RFA Nos. 4 through 14 were missing.  Further, on December 19, 2022, plaintiff mailed to defendant's counsel plaintiff's

informal attempt to resolve this discovery dispute, clearly noting defendant's failure to respond

by each of the relevant requests.  (ECF No. 96-3 at 3-6.)  Yet counsel declares it was not until

March 18, 2023, while preparing responses to plaintiff's motions to compel, that counsel viewed

another electronic copy of plaintiff's RFAs to defendant Chapnick that contained the missing

page.

In addition, while counsel for defendant appears to contend that plaintiff mailed his

discovery to the wrong address, counsel is mistaken.  Review of the court docket reflects no

change of address filed by counsel for defendants.[4]  The Court's Local Rules provide that:

> Each appearing attorney and pro se party is under a continuing duty
> to notify the Clerk and all other parties of any change of address or
> telephone number of the attorney or the pro se party.  Absent such
> notice, service of documents at the prior address of the attorney or
> pro se party shall be fully effective.  Separate notice shall be filed
> and served on all parties in each action in which an appearance has
> been made.

Local Rule 182(f).  Just as plaintiff is required to file a formal notice of change of address, so is

counsel for defendants.  Simply changing an address on a court filing is insufficient.

Thus, defendant Chapnick's request that defendant be allowed to belatedly answer RFA

Nos. 4, 5, 6, 7, 8, 10, 11, 12 and 13 is denied without prejudice.

### Defendant Conklin DeHerrera

RFA Nos. 5, 9 and 10[5]

Plaintiff asks the court to strike defendant DeHerrera's objections from the following

responses:  Numbers 5, 9 and 10.  (ECF No. 97.)  However, defendant DeHerrera admitted to

each of these supplemental requests.  (ECF No. 101-2 at 90-97, 98-101, 103-04.)  Thus, as argued

by defendant, this court is not required to address the sufficiency of such objections.  Fed. R. Civ.

---

[4]  In light of counsel's declaration that her address had been changed in ECF and observing that
the court's docket sheet now reflects counsel's address in Oakland, not San Francisco, the court
asked CM/ECF staff in the Clerk's Office how such change took place.  Staff identified counsel's
last filing with her San Francisco address on August 31, 2021, in Case No. 2:20-cv-0520,
immediately after which counsel updated her profile in CM.  Such update changed counsel's
address on the dockets for her cases but did not trigger a notice of change of address on the court
dockets or provide plaintiff any notice of change of address as required under Rule 182(f).

[5]  Plaintiff withdrew RFA Nos. 1, 4, 6-8, 14-19 & 21-30.  (ECF No. 97 at 6, 9, 10-11, 16-17, 19.)

P. 36(a)(6).  No further response is required for RFAs Nos. 5, 9 and 10.

> RFA NO. 2:  From July 2014 to July 2015 you worked as Staff Services Manager I ('SSM I') for CDHCS.

> RESPONSE TO RFA NO. 2:  Defendant objects to this request on the grounds it is vague and ambiguous as to the term, "CDHCS." Defendant also objects to this request on the grounds that it is not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence.

> Subject to and without waiving the above objections, Defendant responds as follows:  Defendant denies.

(ECF No. 97 at 6; 101-2 at 48.)

> REVISED RFA NO. 2:  "The attached resume of Defendant C. DeHerrera's (Exhibit B) states that from July 2014 to July 2015 Defendant worked as a Staff Services Manager I at the California Department of Public Health." … Inf Res at 2:18-20.

(ECF No. 97 at 7.)

Defendant DeHerrera denied RFA No. 2; no further response is required.  Further, to the extent plaintiff attempted to proffer an unauthenticated resume to contradict defendant's response to RFA No. 2, plaintiff's attempt fails.  Contrary to plaintiff's argument, the court does not authenticate documents submitted by parties in the discovery process.  Moreover, the resume plaintiff appended to the revised request included no source information.  No further response to RFA No. 2 is required.

> RFA No. 3:  One of the desired qualifications for SSM I is experience in interpreting and applying current laws, rules, policies and procedures.

> RESPONSE RFA NO. 3:  Defendant objects to this request on the grounds it is vague and ambiguous as to the terms and phrases, "desired qualifications," "interpreting and applying," and "current laws, rules, policies and procedures." Defendant also objects to this request on the grounds that it is vague as to time, compound, not relevant to any claim or defense, and not likely to lead to the discovery of admissible evidence.  Defendant also objects to this request on the grounds that it is argumentative.

> Subject to and without waiving the above objections, Defendant responds as follows:  Based on the above objections, Defendant is unable to admit or deny the request, and on that basis, denies.

(ECF No. 97 at 7-8; 101-2 at 48-49.)

1    Plaintiff challenged defendant's response and offered to rewrite RFA No. 3 as:

2    Under 'Staff Services Manager Series' on the California Department
     of Human Resources website, the scope of employment for the staff
3    services manager series is listed as:

4    "This series specification describes three levels used throughout
     State service in the performance of a wide variety of fiscal,
5    management, and staff services functions including such areas as
     personnel, budget, management analysis, administrative services,
6    program evaluation and planning, and policy analysis and
     formulation. Incumbents in this series are typically subject-matter
7    generalists who have demonstrated possession of the strong
     analytical skills, supervisory and/or managerial abilities, and
8    personal qualifications to succeed in a broad range of fiscal,
     management, staff services, and related settings. Incumbents in this
9    series are responsible for the effective resolution of a broad range of
     governmental, supervisory, and/or managerial problems. They
10   conduct and/or review analytical studies and surveys; formulate
     procedures, policies, and program alternatives; make
11   recommendations on a broad spectrum of administrative and
     program-related problems; review and analyze proposed legislation
12   and advise management on its impact or potential impact; represent
     the State or a given department as assigned; and to do other related
13   work." (Exhibit C). … Inf Res at 3:1-12.

14   (ECF No. 97 at 8.)

15        Plaintiff argues that this request is relevant because it tends to show that defendant knew

16   that federal litigation had established that CDCR was incapable of providing adequate medical

17   care because of overcrowding, and defendant knew or should have known that defendant

18   Chapnick's participation during multiple levels of the inmate appeal review process was

19   improper.  Plaintiff argues such evidence weighs in favor of plaintiff's claim that defendant

20   DeHerrera failed to protect plaintiff against the allegedly unconstitutional actions of other

21   defendants.

22        The undersigned is unpersuaded by plaintiff's arguments.  That said, if plaintiff wanted

23   defendant DeHerrera to admit or deny that the Staff Services Manager Series on the California

24   Department of Human Resources website sets forth the scope of employment for the staff

25   services manager series as quoted by plaintiff, he was required to propound such request.  In any

26   event, such job description speaks for itself.  On the other hand, if plaintiff wanted defendant

27   DeHerrera to address how DeHerrera's acts or omissions failed to meet such job description,

28   plaintiff could have asked such specific questions.  No further response to RFA No. 3 is required.

13

RFA No. 11:  The CCHCS HQ level response to an inmate health care grievance also represents a final administrative decision by the Director/ Secretary of CDCR.

RESPONSE TO RFA NO. 11:  Defendant objects to this request on the grounds it is vague and ambiguous as to the terms and phrases, "The CCHCS HQ level response," "also represents," "administrative decision," and "the Director/ Secretary of CDCR."  Defendant also objects to this request on the grounds that it is vague as to time, not relevant to any claim or defense, and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, Defendant responds as follows:  Defendant admits that a determination from the Inmate Correspondence and Appeals Branch (now referred to as the Health Care Correspondence and Appeals Branch) of CCHCS is the final level of review and constitutes the decision of the secretary of the California Department of Corrections and Rehabilitation on an appeal and is conducted by a designated representative under the supervision of the final level Appeals Chief or equivalent.

(ECF No. 97 at 12; 101-2 at 52.)

INFORMAL RESOLUTION RFA NO 11:  Based upon objections, research and evidence contained in Defendant DeHerrera's production responses, Plaintiff challenged the dispute and offered to rewrite Admission No 11 as:

"The 12-31-15 Director's Level Decision for CDC-602HC Log# DVIHC 15045270 signed by Defendant DeHerrera constitutes the final administrative decision on behalf of the Director / Secretary of CDCR." … see Exhibit E.

(ECF No. 97 at 13.)

Defendant's objections as to plaintiff's use of the terms "CCHCS HQ level response," "administrative decision," and "the Director/Secretary of CDCR" are overruled because such terms are frequently used in prison parlance and well-known to those engaged in prison litigation. The relevance objection is also overruled because it is unclear whether or not any defendant will file a motion for summary judgment on exhaustion grounds.  On the other hand, defendant's objections as to time are well-taken in that prison regulations governing exhaustion have been revised since the incidents alleged herein, as well as since this action was filed.

Nevertheless, plaintiff's objection that defendant's response improperly added information not requested is sustained.  The court strikes the following language:  "and is conducted by a designated representative under the supervision of the final level Appeals Chief or equivalent," as

14

nonresponsive to the request.  Defendant's response to RFA No. 11 is amended to read as

follows:

> Defendant admits that a determination from the Inmate Correspondence and Appeals Branch (now referred to as the Health Care Correspondence and Appeals Branch) of CCHCS is the final level of review and constitutes the decision of the secretary of the California Department of Corrections and Rehabilitation on an appeal.

Plaintiff's offer to revise the request to apply to a particular grievance is different from his

initial, more generic request and therefore improperly sought to change the request rather than

confer on a proper response to RFA No. 11.  In any event, the December 31, 2015 appeal

response is identified as a Director's Level Decision, and specifically states:  "Appeal is denied.

This decision exhausts your administrative remedies."  (ECF No. 97-7 at 1.)  Thus, no further

response to RFA No. 11 is required.

> RFA No. 12:  The 10-25-15 inmate appeal authored by Plaintiff provided sufficient notice that he was seeking adequate medication to address nueropathic[sic] type pain issues.

> RESPONSE TO RFA NO. 12:  Defendant objects to this request on the grounds it is vague and ambiguous as to the terms and phrases, "10-25-15 inmate appeal authored by Plaintiff," "sufficient notice," "adequate medication," "address," and "nueropathic[sic] type pain issues."  Defendant also objects to this request on the grounds that it is not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence.  Defendant further objects to this request on the grounds that it is argumentative.  Defendant further objects to this request on the grounds that it calls for a speculative response.

> Subject to and without waiving the above objections, Defendant responds as follows:  As phrased, Defendant is unable to admit or deny, and on that basis, denies the requested admission.

(ECF No. 97 at 14; 101-2 at 52.)

> INFORMAL RESOLUTION RFA NO 12:  Based upon objections, research and evidence contained in Defendant DeHerrera's production responses, on 12-19-22 Plaintiff challenged the response while offering to rewrite Admission No 12 as:

> Plaintiff's 10-25-15 submission of the third level appeal for CDC-602HC Log# DVIHC 15045270 states:

> "The initial "Disability Access or Discrimination Issue" in [Plaintiff's] 8-3-15 1824 provides" "You state that you have a walker and have pain." This is inaccurate. Other information in this appeal is inaccurate, but Motrin is helping with some pain. Requesting accurate information and another medication which may assist or replace Motrin. No retaliation." (AGO 004)" :…see Exhibit E.

(ECF No. 97 at 14.)

Plaintiff objects that defendant continues to provide unjustified and unexplained objections to avoid responding and argues that Rule 36(a)(1) permits him to propound admissions concerning "facts, the application of law to fact, or opinions about either." (Id.) Defendant responds that the words and phrases used by plaintiff are too vague and ambiguous and vague as to time. (ECF No. 101 at 12.)

The undersigned overrules defendant's relevance objection. However, RFA No. 12 was vague in that it failed to provide the appeal number and thus it was unclear whether plaintiff was inquiring about an initial appeal; as clarified, plaintiff was referring to his request for third level review of appeal Log# DVIHC 15045270. (ECF No. 97-7 at 4.) Such text, taken outside the context of the entire administrative appeal, does not reference neuropathic pain, and would require defendant to speculate in response. Defendant's objection is sustained, and no further response is required.

> RFA No. 13: That inmate appeal also provided sufficient notice to alert a subsequent reviewing authority that the first level reviewer for the grievance was also the second level reviewing authority.
>
> RESPONSE TO RFA NO. 13: Defendant objects to this request on the grounds it is vague and ambiguous as to the terms and phrases, "That inmate appeal," "sufficient notice," "to alert," "a subsequent reviewing authority," and "the first level reviewer for the grievance was also the second level reviewing authority." Defendant also objects to this request on the grounds that it is vague as to time, not relevant to any claim or defense, and not likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is argumentative. Defendant further objects to this request on the grounds that it calls for a speculative response.
>
> Subject to and without waiving the above objections, Defendant responds as follows: As phrased, Defendant is unable to admit or deny, and on that basis, denies the requested admission.

(ECF No. 97 at 15; 101-2 at 52-53.)

> Informal Resolution of Admission No. 13:  Based upon objections, research and evidence contained in Defendant DeHerrera's production responses, on 12-19-22 Plaintiff challenged the response while offering to rewrite Admission No 13 as:
>
> "The 9-4-15 First Level response and the 10-19-15 Second Level response to CDC602HC Log# DVIHC 15045270 are both signed by Defendant R. Chapnick (AGO 007- 010)." … see Exhibit E.

(ECF No. 97 at 16.)

Defendant responds that the words and phrases used by plaintiff are too vague and ambiguous and vague as to time.  (ECF No. 101 at 12.)  Defendant's objections are sustained. Plaintiff's proposed revision is a different request from RFA 13.  No further response is required.

RFA No. 15:  In his reply, plaintiff addressed RFA No. 15.  (ECF No. 102 at 14-15.) However, in his motion, plaintiff voluntarily withdrew this request.  (ECF No. 97 at 16-17.) Because plaintiff withdrew this request from his motion, the court does not address RFA No. 15.

> RFA No. 20:  "On April 23, 1990, a group of plaintiffs filed a class action in the United States District Court for the Eastern District of California, entitled *Coleman v. Deukmejian*, No. 2:90-cv-00520-LKK (*Coleman*)."
>
> RESPONSE TO RFA NO 20:  "Defendant objects to this request on the grounds it is vague and ambiguous as to the terms and phrases, "a group of plaintiffs," and "filed a class action."  Defendant also objects to this request on the grounds that it is not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence.
>
> Subject to and without waiving the above objections, Defendant responds as follows: Defendant lacks personal knowledge of the facts underlying the above-referenced case and is unable to admit or deny, and on that basis, denies the requested admission.

(ECF No. 97 at 17; 101-2 at 56-57.)

> Informal Resolution of RFA No. 20:   Based upon objections, research and evidence contained in Defendant DeHerrera's production responses, on 12-19-22 Plaintiff challenged the response while offering to rewrite Admission No 20 as: "In *Plata v. Newsom*, 445 F.Supp.3d 557 at p. 560 (ND Cal April 17, 2020) the United States District Court for the Northern District of California stated: "Plaintiffs filed this *Plata* case in 2001, alleging that Defendants were failing to provide constitutionally adequate medical care. "[T]he State conceded that deficiencies in prison medical care violated prisoners' Eighth Amendment rights . . . . [and] stipulated to a remedial injunction," *Brown v. Plata*, 563 U.S. 493, 507, 131 S. Ct.

17

1910, 179 L.Ed.2d 969 (2011), which this Court has been enforcing since that time "(Exhibit D)."

(ECF No. 97 at 17-18.)

The undersigned sustains defendant's objection that <u>Coleman</u> is not relevant to plaintiff's claims herein.  The plaintiff class in <u>Coleman</u> consists of "all inmates with serious mental disorders who are now, or will in the future, be confined within the California Department of Corrections."  <u>Coleman v. Newsom</u>, No. 2:90-cv-0520 KJM DB (E.D. Cal.) (July 23, 1999 Order.)  Here, plaintiff does not allege he suffers from a serious mental disorder or challenge mental health care.  No further response to RFA No. 20 is required.

Again, plaintiff's attempt to rewrite RFA No. 20 is unavailing.  In addition, the argument in his reply (ECF No. 102) does not address RFA No. 20 as written or address his attempt to informally resolve RFA No. 20.  (ECF No. 102 at 15:4-7.)  Therefore, the undersigned does not address such argument.

D. <u>Interrogatories</u>

Under Rule 33(a), "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Fed. R. Civ. P. 33(a)(1).  An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  The grounds for objecting to an interrogatory must be stated with specificity.  Fed. R. Civ. P. 33(b)(4); <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981).  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.  Fed. R. Civ. P. 33(c).  The responding party shall use common sense and reason.  i.e., <u>Collins v. Wal-Mart Stores, Inc.</u>, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A party answering interrogatories cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  <u>Essex Builders Group, Inc. v. Amerisure Insurance Co.</u>, 230 F.R.D.

682, 685 (M.D. Fla. 2005).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 629 (E.D. Cal. Apr. 5, 2013); L.H. v. Schwarzenegger, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007).  If a party cannot furnish details, the party should say so under oath and explain why and set forth the efforts used to obtain the information; the party cannot plead ignorance to information that is from sources within his control.  Milner v. National School of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa. 1977).  Of course, if the "answer states that no record exists, the court cannot compel the impossible."  Id. at 633 (citing Moss v. Lane Co., 50 F.R.D. 122, 128 (W.D. Va. 1970), aff'd in part, remanded in part, 471 F.2d 853 (4th Cir. 1973)).  A sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable.  Milner, 73 F.R.D. at 633 (citing Brennan v. Glenn Falls Nat. Bank & Trust Co., 19 Fed. R. Serv. 2d 721, 722-23 (N.D. N.Y. 1974)).  The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

Pursuant to the discovery and scheduling order, responses to the interrogatories were due forty-five days after the request was served.

**Defendant Palagummi**

Plaintiff seeks further responses to interrogatories Nos. 1, 3 & 5.  (ECF No. 94.)[6]

Because defendant Palagummi's responses to interrogatories Nos. 1 and 3 are similar, the court addresses them together.

> INTERROGATORY NO. 1: On 9-2-15 did you interview and or physically examine Plaintiff for health care appeal Log# DVIHC 15045270, an appeal of the 8-13-15 denial of his reasonable accommodation request in CDC-1824 Log#DVI-X-15-02117, and if so:
>
> a) Were you aware that Plaintiff had stated in his reasonable accommodation request that he was having problems getting around because of problems with his rightside foot, ankle, knee and lower back, which at times was causing too much pain, and noted that his knee still buckled after two arthroscopies in 2004 and 2005?

---

[6]  Plaintiff withdrew challenges to interrogatories nos. 2, 4 & 6 (ECF No. 94 at 8, 11, & 12.)

b) In your efforts to resolve Log# DVIHC 15045270 and treat your patient, did you follow relevant portions of the **CCHCS Care Guides, and in particular, Pain Management Part 1 - Assessment Care Guide, "Physical Exam"** which requires

• thorough investigation of possible underlying causes of pain when developing a differential diagnosis, and did you document your efforts?;

• perform an inspection of how the patient moves and any associated pain or behaviors, and did you document your efforts?;

• check for joint pain and characterize symmetry, swelling, temperature, pulses, range of motion, limitations, instability, strength, and evaluate reflexes, and did you document your efforts?;

• in the presence of back pain, did you characterize gait, posture, heel/toe walking, any signs that may correspond to radiating or radicular pain, pulses, range of motion, limitations, instability or strength, and did you document your efforts?; and

• in the case of radiating pain did you note and document that the radiating pain follows physiologic or known dermatomal patterns?;

c) In your efforts to resolve Log# DVIHC 15045270 did you review any of Plaintiffs medical records that arrived with him from jail on 7-8-15 or any other prior medical records either within the possession, custody or control of CDCR or any other recent health care provider?;

d) During that examination/interview did you document that the causes of Plaintiffs pain that affected his lower right side back and lower extremities appeared to be radiating and or shooting pain, as described by Plaintiff, which may have been neuropathic in nature?; and

e) During that examination/interview did you inform Plaintiff that you would allow him to keep his walking cane but you would not issue narcotic pain medication, and if so, did you consider any other treatment options suggested under the CCHCS Care Guides other than narcotic pain medication?

RESPONSE TO INTERROGATORY NO. 1:  Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases, "aware," "reasonable accommodation request," "problems getting around," "problems with his right-side foot, ankle, knee and lower back," "at times," "too much pain," "noted," "buckled," "in your efforts," "resolve Log# DVIHC 15045270," "follow relevant portions," **"CCHCS Care Guides," "Pain Management Part 1 - Assessment Care Guide, 'Physical Exam'**," "document your efforts," "Plaintiffs medical records that arrived with him from jail," "any other prior medical records," "any other recent health care provider," "During that examination/interview," "document," "the causes of Plaintiffs pain that affected his lower right side back and lower extremities appeared to be radiating and or

20

shooting pain," "as described by Plaintiff," "neuropathic in nature," "inform," "allow," "to keep," "issue," and "suggested under the CCHCS Care Guides other than narcotic pain medication." Defendant also objects to this request on the grounds that it is compound and seeks multiple categories of responses in the same request. Defendant also objects on the grounds that the request and its multiple subparts are drafted in a manner that renders them unintelligible. Defendant further objects on the grounds it is vague as to time, overbroad, and not proportional to the needs of the case.

Subject to and without waiving the above objections, Defendant responds as follows:

Defendant has an insufficient recollection of events due to the passage of time. In response to this interrogatory, Defendant refers Plaintiff to previously-produced appeals packet for Health Care Appeal Log No. DVI HC 15045270, Bates-stamped AGO 001 - AGO 022, and Plaintiff's medical record, Bates-stamped AGO 091.

(ECF No. 101-2 at 73-74.)

INTERROGATORY NO. 3: On 9-22-15 did Plaintiff attempt to describe his right side pain issues to you, and if so:

a) Did Plaintiff specifically request any narcotic pain medication, and if so, which medication did he request?;

b) On that day why did you specifically state to Plaintiff, "I am not giving you narcotics?";

c) On that day, why did you inform Plaintiff that you would not change his pain medication, and describe the pain medication that was prescribed at that time and why you felt that it was adequate for Plaintiffs medical needs?;

d) On that day, when Plaintiff asked about pain medication for his right leg why did you tell Plaintiff to "602" you [file a grievance] so that you would not have to be Plaintiffs doctor?;

e) When Plaintiff attempted to request stronger pain medication for his right side, did you call a· custody officer (possibly Officer G. Cherry) into the interview/examination room in order to prevent Plaintiff from attempting to request adequate pain medication?; and

f) On that day did you document the encounter with Plaintiff, and if so please describe all document(s) and their location(s) in which you described the encounter?

RESPONSE TO INTERROGATORY NO. 3: Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases, "did Plaintiff attempt to describe his right side pain issues to you," "specifically request," "on that day," "inform," "would not change his pain medication," "describe, "at that time," "adequate," "medical needs," "attempted to request," "call," "the

21

interview/examination room," "to prevent Plaintiff from attempting to request adequate pain medication," "document the encounter," and "describe all document(s) and their location(s)." Defendant also objects to this request on the grounds that it is compound and seeks multiple categories of responses in the same request. Defendant also objects on the grounds that the request and its multiple subparts are drafted in a manner that renders them unintelligible. Defendant further objects on the grounds it is vague as to time, overbroad, and not proportional to the needs of the case. Subject to and without waiving the above objections, Defendant responds as follows:

Defendant has an insufficient recollection of events due to the passage of time. In response to this interrogatory, Defendant refers Plaintiff to previously-produced Plaintiff's medical record, Bates-stamped AGO 090.

(ECF No. 101-2 at 75-76.)

The Advisory Committee Notes to the 1993 Amendments to Rule 33 state, in part, that:

Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or a stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Id.

The reference to "discrete" subparts suggests that subparts are not always to be counted as separate interrogatories. As some courts have explained, interrogatory subparts are to be counted as one interrogatory "if they are logically or factually subsumed within and necessarily related to the primary question." Safeco of America v. Rawstrom, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citing Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 685 (D. Nev. 1997)).

The undersigned overrules defendant's other objections and finds that all of plaintiff's questions in connection with interrogatory no. 1 are based on defendant's September 2, 2015 interview or physical exam of plaintiff for plaintiff's health care appeal Log # DVIHC 15045270. It may be clear from the appeal response whether or not defendant Palagummi interviewed or physically examined plaintiff on September 2, 2015, in connection with such appeal, thus supporting defendant's reference to certain documents. Fed. R. Civ. P. 33(d). But the subparts relate to how and why defendant Palagummi responded to the appeal which are relevant to

plaintiff's Eighth Amendment claims, all of which relate to defendant's acts or omissions on September 2, 2015.  Essex, 230 F.R.D. at 685 ("The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.")  For example, if defendant cannot recall, defendant should review relevant evidence to see whether defendant's recollection can be refreshed.  Similarly, as to interrogatory no. 3, the subparts all relate to what happened or did not happen on September 22, 2015, and defendant should conduct a reasonable inquiry and, if his recollection and inquiry is insufficient to respond, defendant must set forth what efforts defendant took to obtain responses and then respond accordingly under oath.

Plaintiff's motion to compel further responses to interrogatories nos. 1 and 3 is granted.

> INTERROGATORY NO. 5: Did you follow all discretion conferred upon you as a medical professional, and as that discretion is authorized and presumed within CCHCS guidelines in selecting the best course of treatment to alleviate Plaintiffs pain by 20 - 30% and to increase his functionality in order to improve his quality of life.

> RESPONSE TO INTERROGATORY NO. 5: Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases, "do you follow all discretion," "conferred upon you as a medical professional," "as that discretion is authorized and presumed within CCHCS guidelines," "selecting the best course of treatment to alleviate Plaintiffs pain by 20 - 30%," and "to increase his functionality in order to improve his quality of life."  Defendant also objects to this request on the grounds that it is compound, vague as to time, harassing, overbroad, irrelevant to any claim or defense, and not proportional to the needs of the case.

> Subject to and without waiving the above objections, Defendant responds as follows:  Any medical evaluation Defendant performed on Plaintiff and any treatment plan Defendant prescribed to Plaintiff did not deviate from the required medical standard of care.

(ECF No. 101-2 at 77-78.)  The undersigned sustains defendant's objections that interrogatory no. 5 is too vague and ambiguous, particularly given plaintiff's reliance on the term "discretion," and the interrogatory is compound.  No further response to interrogatory no. 5 is required.

////

////

////

////

1     **Defendant Chapnick**

2        Plaintiff seeks further responses to interrogatories Nos. 1, 2, & 3.  (ECF No. 95.)[7]  Just as

3 defendant Palagummi did, defendant Chapnick responded to interrogatories Nos. 1, 2, & 3 by

4 claiming defendant has an insufficient recollection of events due to the passage of time and is

5 therefore unable to respond to these interrogatories and referred plaintiff to certain documents.

6 As discussed above, such response is insufficient.  Essex, 230 F.R.D. at 685.  Therefore, to the

7 extent defendant's objections are overruled in this order and further response is required,

8 defendant must identify efforts taken to obtain responses and, if unable to, set forth such efforts

9 and respond under oath accordingly.

10
11
12            <u>INTERROGATORY NO. 1</u>:  During all periods relevant to the operative complaint, and within the scope of your employment as a Chief Medical Executive (CME) for CCHCS at Deuel Vocational Institute (DVI) in Tracy, CA:

13
14            a) Did you have opportunity to be the reviewing authority for any inmate health care appeals at DVI? If so, please describe (appx) how many times you have been the reviewing authority in health care appeals;

15
16
17            b) As CME [are] [were] you aware of any established criteria for the reviewing authority to follow in its decision-making process in determining the outcome of inmate health care appeals at DVI?  If so, describe that criteria and how it may be applied in the appeals process.;

18
19
20            c) As CME are you aware as to whether the reviewing authority for health care appeals has discretion or authority to grant relief which may not have been requested by an inmate within a health care appeal? If so, please describe examples in how that authority or discretion may be applied.; and

21
22
23            d) As CME are you aware as to whether the reviewing authority for an inmate health care appeal has discretion or authority to direct rehearing of an appeal decision at the same or lower level? If so please give examples describing how that discretion or authority may be applied in the health care appeal process.

24
25
26
27            <u>RESPONSE TO INTERROGATORY NO. 1</u>:  Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases, "all periods relevant to the operative complaint," "within the scope of your employment as a Chief Medical Executive," "Did you have opportunity to be the reviewing authority for any inmate health care appeals at DVI," "describe (appx) how

28     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
[7]  Plaintiff withdrew challenges to interrogatories nos. 4, 5 & 6 (ECF No. 95 at 13-14.)

many times you have been the reviewing authority in health care appeals," "[are] [were] you aware," "of any established criteria," "for the reviewing authority to follow," "decision-making process," "determining the outcome of inmate health care appeals at DVI," "describe that criteria," "how it may be applied in the appeals process," "discretion or authority to grant relief which may not have been requested by an inmate within a health care appeal," "describe examples in how that authority or discretion may be applied," "discretion or authority to direct rehearing of an appeal decision at the same or lower level," and "give examples describing how that discretion or authority may be applied in the health care appeal process."  Defendant also objects to this request on the grounds that it is compound and seeks multiple categories of responses in the same request.  Defendant also objects on the grounds that the request and its multiple subparts are drafted in a manner that renders them unintelligible. Defendant further objects on the grounds it is vague as to time, overbroad, and not proportional to the needs of the case.

Subject to and without waiving the above objections, Defendant responds as follows: Defendant has an insufficient recollection of events due to the passage of time and is therefore unable to respond to these interrogatories.

(ECF No. 101-2 at 64-65.)

Unlike plaintiff's interrogatories to defendant Palagummi, the subparts of interrogatory no. 1 to defendant Chapnick are not logically or factually subsumed within and necessarily related to the primary question.  See Safeco, 181 F.R.D. at 445.  Thus, each subpart is viewed as a separate interrogatory.  However, it does not appear that plaintiff exceeded the 25 number limit for interrogatories propounded to defendant Chapnick.

Defendant's objection as to time is overruled because plaintiff's pleading makes clear his rights were violated in September and October of 2015, a discrete and identifiable time frame. Defendant's objection to the phrase "in the scope of your employment as a Chief Medical Executive" ("CME") is overruled because plaintiff alleges that Dr. Chapnick was CME at DVI during the alleged incidents (ECF No. 28 at 2, 7), and Chapnick confirmed such position in his answer (ECF No. 46 at 2).

Interrogatory no. 1(a) does not appear likely to lead to relevant discovery and could be unduly burdensome, and disproportional to the needs of this case.  See Roberts v. Clark County Sch. Dist., 312 F.R.D. 594, 603 (D. Nev. 2016) ("[t]he 2015 amendments to Rule 26(b)(1)

////

25

emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'"  No further response to 1(a) is required.

As to interrogatory nos. 1(b), (c) and (d), the undersigned does not find the questions vague and ambiguous, and responses could lead to the discovery of admissible evidence.  Thus, defendant Chapnick is directed to provide plaintiff with further responses to interrogatory nos. 1(b), (c) and (d), for the time frame September and October of 2015, keeping the above cautions in mind regarding insufficient recollection.

> INTERROGATORY NO. 2:   As the 9-8-15 (appx) first level decision-maker in 602HC Log# DVIHC 15045270, an appeal of the denial of Plaintiff's request for reasonable accommodation in CDC-1824 Log# DVIX-15-02117:
>
> a) Did your determination that sufficient relief had been granted without changing Plaintiffs pain medication take into consideration Plaintiffs description of pain listed within his ADA request and appeal, i.e., that he was having extreme pain in his lower right back, leg, knee, ankle and foot which was causing problems with his ability to "get around" or access the program and services of a public entity, i.e., CDCR?;
>
> b) Did you consider whether the symptoms described in the ADA request and appeal tended to demonstrate that further diagnostic testing or evaluation may have been "medically indicated" in order to properly address Plaintiffs pain issues?;
>
> c) Did you determine that, based upon all available information and medical records, following CCHCS Care Guide: Pain Management Part 2 - Therapy - Non-Opioid was not warranted in Plaintiffs case, and if so please explain what factors lead you to reach that determination?; and
>
> d) In your 9-8-15 (appx) response to the appeal, you stated "[D]r. Palagummi document that a stronger pain medication was not medically indicated at this time; and you agreed with the treatment plan." Did you attempt to contact Plaintiff in order to determine if he actually agreed with the plan of treatment at that time?
>
> RESPONSE TO INTERROGATORY NO. 2:  Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases, "your determination that sufficient relief had been granted without changing Plaintiffs pain medication take into consideration Plaintiffs description of pain listed within his ADA request and appeal," "extreme pain in his lower right back, leg, knee, ankle and foot" "causing problems with his ability to 'get around' or access the program and services of a public entity," "consider," "symptoms described in the ADA request and appeal," "tended to demonstrate," "further diagnostic testing or evaluation may have been 'medically indicated,'" "to properly address Plaintiff's pain

issues," "based upon all available information and medical records," "following CCHCS Care Guide: Pain Management Part 2 - Therapy - Non-Opioid was not warranted in Plaintiffs case," "explain what factors lead you to reach that determination," "attempt to contact Plaintiff," and "to determine if he actually agreed with the plan of treatment at that time." Defendant objects to this request on the grounds that it is compound and seeks multiple categories of responses in the same request. Defendant also objects on the grounds that the request and its multiple subparts are drafted in a manner that renders them unintelligible. Defendant further objects on the grounds it is vague as to time, overbroad, and not proportional to the needs of the case.

Subject to and without waiving the above objections, Defendant responds as follows: Defendant has an insufficient recollection of events due to the passage of time. In response to these interrogatories, Defendant refers Plaintiff to previously-produced appeals packet for Health Care Appeal Log No. DVI HC 15045270, Bates-stamped AGO 001 - AGO 022.

(ECF No. 101-2 at 65-66.)

Contrary to defendant's objections, interrogatory no. 2 and its subparts seek information concerning how defendant Chapnick reached his September 8, 2015 decision on plaintiff's appeal, thus constituting one interrogatory. Defendant Chapnick shall supplement his responses as to interrogatory nos. 2(a) - (d). If defendant is unable to answer, defendant shall set forth what efforts were taken to obtain answers and respond under oath.

INTERROGATORY NO. 3: Within the scope of your employment as CME and in signing the 10-19-15 second level decision for Log# DVIHC 15045270:

a) Does it logically follow that Plaintiffs decision to file his second level appeal in this matter contradicted the fact that he did not agree with Dr. Palagummi's plan of treatment as it pertained to pain medication?;

b) In the 10-19-15 partial granting of the appeal based upon Dr. Newman's 10-16-15 issuance of 600mg of Ibuprofen pain medication, were you aware that the CCHCS Care Guides cautions against prolonged use of Ibuprofen because of the increased risks and adverse affects associated with, inter alia, gastral intestinal bleeding, edema, and hypertension?;

c) Were there any other treatment options available under the CCHCS Care Guides which the decision-maker at the second level for the appeal could have directed or ordered, or were other options excluded based upon monetary considerations? Please explain how you reached this determination and how CCHCS Care Guide: Pain Management Part 2 - Therapy - Non-Opioid, Decision Support could have affected your decision?;

27

d) In your 10-19-15 decision, you stated that on 10-16-15 Dr. Newman had documented that Plaintiff had been seen walking with a normal gait in the DVI Reception Center medical holding yard, but when Plaintiff was called into the medical clinic he began to walk with a limp while carrying his cane. Please explain how this information was relevant during your decision-making process and describe, in detail where that information [is][was] documented?; and

e) In your 10-19-15 decision you also stated that Dr. Newman had further documented that Plaintiff became uncooperative until an officer had come into the examination/interview room, at which time Plaintiff's demeanor improved. Why was this information relevant to your decision-making process, and can you describe, in detail where that information [is][was] documented.

RESPONSE TO INTERROGATORY NO. 3: Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases, "Within the scope of your employment as CME," "logically follow that Plaintiff's decision to file his second level appeal in this matter contradicted the fact that he did not agree with Dr. Palagummi's plan of treatment as it pertained to pain medication," "In the 10- 19-15 partial granting of the appeal based upon Dr. Newman's 10-16-15 issuance of 600mg of Ibuprofen pain medication," "aware," "the CCHCS Care Guides," "cautions against," "prolonged use," "increased risks and adverse affects," "any other treatment options available under the CCHCS Care Guides," "the decision-maker at the second level for the appeal," "directed or ordered," "other options excluded," "monetary considerations," "explain how you reached this determination," "how CCHCS Care Guide: Pain Management Part 2 - Therapy - Non-Opioid, Decision Support could have affected your decision," "explain how this information was relevant during your decision-making process," and "describe, in detail where that information [is][was] documented." Defendant also objects to this request on the grounds that it is compound and seeks multiple categories of responses in the same request. Defendant also objects on the grounds that the request and its multiple subparts are drafted in a manner that renders them unintelligible. Defendant further objects on the grounds it is vague as to time, overbroad, argumentative, and not proportional to the needs of the case. Defendant also objects on the grounds that the request calls for speculation in making a response.

Subject to and without waiving the above objections, Defendant responds as follows: Defendant has an insufficient recollection of events due to the passage of time. In response to these interrogatories, Defendant refers Plaintiff to previously-produced appeals packet for Health Care Appeal Log No. DVI HC 15045270, Bates-stamped AGO 001 - AGO 022.

(ECF No. 101-2 at 66-68.)

The undersigned finds interrogatory no. 3(a) argumentative and interrogatory no. 3(c) calls for speculation; no further response is required.

28

Interrogatory no. 3(b) calls for a straightforward yes or no answer.  Interrogatory nos. 3(d) and 3(e) call for specific information related to defendant Chapnick's October 19, 2015 decision. Defendant's objections to 3(b), 3(d) and 3(e) are overruled.  Defendant Chapnick shall file supplemental responses, considering the responsibility to review other evidence before relying on a failure to recall, as discussed above.

Discovery Deadline

Discovery closed on February 14, 2023.  (ECF No. 92.)  In light of the instant order, discovery is reopened for the sole purpose of allowing defendants to submit supplemental responses to plaintiff within 45 days from the date of this order, and providing plaintiff 45 days thereafter to review such supplemental responses.  Discovery closes on December 28, 2023.

No new discovery requests may be propounded by any party.

All pretrial motions, except motions to compel discovery, shall be filed on or before February 29, 2024.  All parties shall refrain from filing pretrial motions until after discovery closes.  In all other respects, the prior scheduling order remains in effect.  (ECF No. 67.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel further responses to RFAs directed to defendant Palagummi (ECF No. 93) is denied;

2. Plaintiff's motion to compel further responses to interrogatories (ECF No. 94) is granted in part; defendant Palagummi shall provide further responses to interrogatories nos. 1 and 3; in all other respects, plaintiff's motion to compel is denied.

3. Plaintiff's motion to compel further responses to interrogatories (ECF No. 95) is granted in part; defendant Chapnick shall provide further responses to interrogatories nos. 1(b), (c) and (d); 2(a), (b) (c) & (d); and 3(b), 3(d) and 3(e)

4. Plaintiff's motion to compel further responses to RFAs directed to defendant Chapnick (ECF No. 96) is granted in part, as set forth below, and denied in all other respects:

A. RFA Nos. 4, 5, 6, 7, 8, 10, 11, 12 and 13 are deemed admitted as of October 28, 2022.

B. Defendant Chapnick's request that defendant be allowed to belatedly answer RFA Nos. 4, 5, 6, 7, 8, 10, 11, 12 and 13 is denied without prejudice.

1        5. Plaintiff's motion to compel further responses to RFAs directed to defendant

2    DeHerrera (ECF No. 97) is granted in part, as set forth below, and denied in all other respects:

3          Defendant's response to RFA No. 11 is amended to read as follows:

4          Defendant admits that a determination from the Inmate
     Correspondence and Appeals Branch (now referred to as the Health
5    Care Correspondence and Appeals Branch) of CCHCS is the final
     level of review and constitutes the decision of the secretary of the
6    California Department of Corrections and Rehabilitation on an
     appeal.
7

8        6. Counsel for defendants shall provide plaintiff with the supplemental responses ordered

9    above within 45 days from the date of this order.

10       7. Within fourteen days from the date of this order, counsel for defendants shall file a

11   formal change of address.

12       8. The discovery deadline is extended to December 28, 2023, for the limited purpose set

13   forth above; no new discovery requests may be propounded by any party.

14       9. All pretrial motions, except motions to compel discovery, shall be filed on or before

15   February 29, 2024.  All parties shall refrain from filing pretrial motions until after discovery

16   closes.   In all other respects, the prior scheduling order remains in effect.  (ECF No. 67.)

17   Dated:  September 28, 2023

18   _____
     KENDALL J. NEWMAN
19   UNITED STATES MAGISTRATE JUDGE

20

21   /give0017.mtc

22

23

24

25

26

27

28