UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS GIVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. 2:19-cv-0017 DAD KJN P<br><br>ORDER |

      Plaintiff is a former state prisoner, proceeding pro se. Plaintiff's motions to compel further discovery responses are before the court. As set forth below, plaintiff's motions are denied without prejudice.

Background

      On September 28, 2023, plaintiff's motions to compel further discovery responses were granted in part and denied in part. (ECF No. 106.) Supplemental responses were to be provided within 45 days. (ECF No. 106 at 30.) The discovery deadline was extended to December 28, 2023 for the limited purpose of resolving issues related to the supplemental responses; no new discovery requests were authorized. (Id.)

      On December 15, 2023, plaintiff filed a motion to extend the discovery deadline in order to "file his second motion to compel supplemental responses and to give both parties reasonable

1

1 time to address this matter." (ECF No. 108 at 2.)

2 On January 4, 2024, plaintiff filed motions to compel further supplemental responses to
3 discovery propounded to defendants Palagummi and Chapnick. (ECF Nos. 110, 111.)

4 On January 4, 2024, plaintiff's motion was granted, and a revised scheduling order was
5 issued. (ECF No. 112.) The discovery deadline was extended to March 4, 2024, solely for the
6 purpose of resolving disputes as to the supplemental responses to plaintiff's interrogatories
7 propounded to defendants Palagummi and Chapnick. (ECF No. 112 at 2.)

8 On February 6, 2024, plaintiff filed a reply, complaining that defendants did not respond
9 to his November 27, 2023 meet and confer letter, and arguing that because defendants failed to
10 timely oppose his motions to compel, such motions should be granted. (ECF No. 113.)

11 On February 7, 2024, defendants filed a motion for extension of time, *nunc pro tunc*, to
12 respond to plaintiff's second motions to compel, arguing plaintiff's motions were prematurely
13 filed, and good cause supports the request for extension because supplemental responses were
14 served on January 12, 2024. (ECF No. 114.)

15 On February 7, 2024, plaintiff filed an opposition to defendants' motion for extension of
16 time, arguing defendants failed to timely file an opposition to the motions to compel discovery,
17 and defendants should not be allowed to retroactively challenge plaintiff's motions. (ECF No.
18 115.)

19 Discussion

20 Plaintiff is correct that Local Rule 230(l) requires oppositions to be filed within 21 days.
21 Counsel for defendants should have filed an opposition objecting to the premature filing of the
22 motions rather than simply writing to plaintiff to express such objection. Counsel is cautioned
23 that failure to timely oppose motions in the future may result in an order granting the motion, or
24 the imposition of sanctions, or both. That said, the undersigned is persuaded that plaintiff's
25 second motions to compel discovery were filed prematurely and should be denied without
26 prejudice, for the following reasons.

27 First, the motions to compel were filed before the extension of the discovery deadline was
28 granted. At the time plaintiff filed his motions on January 4, 2024, the discovery deadline had

expired on December 28, 2023 (ECF No. 106).  Thus, plaintiff's motions were untimely.

Second, the extension of time was granted to allow the parties time to meet and confer and attempt to resolve the discovery issues before further motion practice was required.  Indeed, the parties were encouraged to do so.  (ECF No. 112 at 2.)

Third, counsel for defendants sent plaintiff a meet and confer letter on January 12, 2024, objecting to plaintiff's untimely motions and addressing plaintiff's issues raised in his November 27, 2023 meet and confer letter, as this court's order contemplated.  Counsel explained that although no further responses would be provided to some interrogatories, further responses to particular interrogatories propounded to defendants Palagummi and Chapnick would be provided.  (ECF No. 114-2 at 3.)  According to counsel, defendant Chapnick is currently finalizing his additional supplemental responses to plaintiff's interrogatories Nos. 2(a) - 2(c) and 3(d) - 3(e).  (ECF No. 114 at 1.)  Plaintiff's meet and confer letter, counsel's response, and the anticipated responses from defendant Chapnick suggest the substance of the pending motions to compel has changed.

Finally, the substance of one of plaintiff's motions inappropriately seeks an order deeming certain requests for admission "conclusively established." (ECF No. 111.)  Plaintiff's prior motion to deem certain requests for admissions directed to defendant Chapnick was partially granted on September 28, 2023, and the requests defendant Chapnick failed to answer were deemed admitted.  (ECF No. 106.)  Thus, plaintiff's motion for the court to deem such requests "conclusively established" is redundant.[1]

For all of the above reasons, plaintiff's motions to compel further discovery responses are denied without prejudice.

Further Scheduling

Because defendant Chapnick has not yet provided his additional supplemental responses,

---

[1] Plaintiff claims defendants were given an opportunity to correct the issue. (ECF No. 111 at 7, citing ECF No. 106 at 11:15-16). Plaintiff is mistaken. The court stated it was not persuaded by counsel's excuses, and explained why counsel's failure to file a notice of change of address could not excuse the failure to respond. (ECF No. 106 at 10-11.) The requests for admissions defendant Chapnick failed to answer were then deemed admitted: "RFA Nos. 4, 5, 6, 7, 8, 10, 11, 12 and 13 are deemed admitted as of October 28, 2022." (ECF No. 106 at 29.)

plaintiff shall refrain from filing any further motion to compel until defendant Chapnick provides such responses and plaintiff has had an opportunity to review such responses.  Defendant Chapnick shall provide his additional supplemental responses to plaintiff no later than February 20, 2024.  Thereafter, plaintiff may file a motion to compel further discovery responses on or before the close of discovery, March 4, 2024.  Plaintiff is reminded that each defendant was required to respond to the interrogatory as initially written, and any motion to compel is limited to the supplemental responses to plaintiff's interrogatories propounded to defendants Palagummi and Chapnick as ordered on September 28, 2023 (ECF No. 106).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel (ECF Nos. 110, 111) are denied without prejudice;

2. Defendants' motion for extension of time (ECF No. 114) to oppose the motions is denied as unnecessary;

3. Defendant Chapnick shall provide his additional supplemental responses to interrogatories to plaintiff on or before February 20, 2024; and

4. Any subsequent motion to compel shall be filed on or before close of discovery, March 4, 2024, and shall be limited as set forth above.

Dated:  February 9, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/give0017.mtc2

4